UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re

    ROXANNE TRINE,                    Bankruptcy Case No. 13-21520
                                                      Chapter 13
                Debtor.


**DECISION AND ORDER DENYING DEBTOR'S MOTION TO SET ASIDE
FINAL ORDER OF DISMISSAL PURSUANT TO RULE 60(b)(6) FRCP**

PAUL R. WARREN, United States Bankruptcy Judge

      The debtor, Roxanne Trine ("Trine"), moves to set aside the Court's November 14, 2014 final order dismissing her Chapter 13 bankruptcy case, entered due to her failure to make plan payments (ECF No. 89). The motion is brought pursuant to Rule 60(b)(6) FRCP and Rule 9024 FRBP. Claiming she was unaware that her plan was in arrears—despite notice from the Chapter 13 Trustee by both letter and a motion to dismiss for failure to make payments, and notice from the Court by way of a sixty-day conditional order directing Trine to cure plan arrears or modify her plan—Trine seeks "to restore" her Chapter 13 case so that she can keep her vehicle, which she uses to commute to work (*Id.* at ¶¶ 7-9, 14). Following the entry of the Court's final order dismissing Trine's case, Toyota Motor Credit Corporation ("Toyota") repossessed Trine's car under its security agreement. Because Trine fails to demonstrate exceptional or extraordinary circumstances that warrant relief under Rule 60(b)(6) FRCP, the Court declines to exercise its discretion. Trine's motion to set aside the Court's final order of dismissal is **DENIED**.

## I.

## FACTS

Trine filed for Chapter 13 bankruptcy relief on October 8, 2013 (ECF No. 1). Trine's Chapter 13 plan provided for bi-weekly payments of $208.00, to be paid by Trine commencing on November 8, 2014 (ECF No. 15). On November 4, 2014, the Court issued a wage order directing Trine's employer to make payments to the Trustee in accordance with the Chapter 13 plan, but payments were not deducted from Trine's wages until February of 2014 (ECF No. 24; ECF No. 89 at ¶ 8). According to Trine's affidavit in support of her motion to set aside the Court's order of dismissal, Trine noticed that her employer had not begun to deduct plan payments in December of 2013 and notified her attorney, who sent a letter to her employer on January 2, 2014 (ECF No. 89 at ¶ 5 & Exhibit B). Although regular wage deduction payments were made by Trine's employer beginning in February of 2014, the plan payment arrears that had accrued in the interim—amounting to $3,016.03—were never cured (ECF No. 73 at ¶ 5; ECF No. 89 at ¶¶ 6-8).

The Court held a confirmation hearing on April 21, 2014, at which Trine appeared and the Chapter 13 Trustee recommended confirmation (ECF No. 61). The Court entered an order confirming the plan on May 16, 2014 (ECF No. 66). The confirmed plan required that Trine make monthly payments to Toyota, through the Chapter 13 Trustee, beginning thirty days after filing the Chapter 13 petition (ECF No. 15 at 1, 3). Two days prior to the entry of the order confirming the plan, the Chapter 13 Trustee sent a letter to Trine—with a copy to her attorney—informing her of the plan payment default and directing her to bring payments current or contact her attorney to modify the plan (ECF No. 62). The Chapter 13 Trustee's letter warned that if Trine failed to respond within ten days, a motion to dismiss would follow (*Id.*). Trine did not

respond to the letter, and the Chapter 13 Trustee filed a motion to dismiss for failure to make plan payments on May 28, 2014, served on both Trine and her attorney (ECF No. 73). The motion to dismiss was heard on July 7, 2014, at which time counsel for the Chapter 13 Trustee requested an adjournment to discuss the terms of a conditional order to permit Trine an opportunity to cure the plan payment default. At the August 18, 2014 adjourned hearing on the motion to dismiss, the Chapter 13 Trustee stated on the record that he had been in contact with Trine's attorney, who informed the Chapter 13 Trustee that he was unsuccessful in reaching Trine after several phone calls (ECF No. 77). Neither Trine nor her attorney appeared or filed papers in opposition to the motion to dismiss. The Court conditionally granted the Chapter 13 Trustee's motion to dismiss, by conditional order entered on September 4, 2014—the condition being Trine's cure of the default or filing a motion to modify the plan by October 17, 2014 (ECF No. 79). The Chapter 13 Trustee filed a notice of failure to comply with the conditional dismissal order on October 27, 2014 (ECF No. 82). No response or motion was filed by Trine to the Chapter 13 Trustee's notice. The default in plan payment was never cured. The final order dismissing the case was entered on November 17, 2014 (ECF No. 84).

On December 29, 2014, Trine filed the motion now before the Court, seeking to set aside the Court's final order, pursuant to Rule 60(b)(6) FRCP, incorporated by Rule 9024 FRBP (ECF No. 89). At the initial hearing on the motion on January 8, 2015, Trine's attorney noted that Toyota had repossessed Trine's vehicle after entry of the final order of dismissal. Counsel indicated that the motion was primarily brought in an attempt to force Toyota to return the car. The Court continued the hearing until January 15, 2015, to afford counsel an opportunity to contact Toyota, to attempt to reach a consensual resolution. Counsel to Trine instead submitted a

3

Case 2-13-21520-PRW    Doc 98    Filed 01/16/15    Entered 01/16/15 10:30:34    Desc Main
Document      Page 3 of 8

supplemental memorandum on January 12, 2015, and the final hearing on the motion was held on January 15, 2015 (ECF Nos. 95, 96).

## II.

## ARGUMENTS OF THE PARTIES

In support of her motion to set aside the Court's final order of dismissal, Trine submits an affidavit explaining that, at the time of the confirmation hearing in April of 2014, plan payments were then being deducted from her wages, "and I assumed I was Ok at that time because the plan payments had begun. I did not have a complete understanding of how the payments were supposed to be paid and I assumed that when my plan was confirmed that the plan payments that had begun took care of any plan payments that were not deducted from my paycheck and that I did not send myself" (ECF No. 89 at ¶ 6). Trine's affidavit makes no mention of the Chapter 13 Trustee's May 14, 2014 letter and May 28, 2014 motion to dismiss filed shortly after confirmation—or the notice advising her of the hearing on the motion on July 7, 2014 and the adjourned hearing of August 18, 2014 and the Court's subsequent notice of the entry of the conditional order of dismissal. Rather, the affidavit states generally that Trine did not contact her attorney during the summer of 2014 "because I assumed that I was Ok since deductions were being made from my paycheck" (*Id.* at ¶ 9).

The Chapter 13 Trustee opposes Trine's motion, arguing that the motion fails to state adequate grounds to vacate the Court's final order under Rule 60(b)(6) FRCP (ECF No. 93).

## III.

## CONCLUSIONS OF LAW

The seemingly benign language of Rule 60(b)(6) FRCP—"any other reason that justifies relief"—does not provide the easy procedural do-over frequently envisioned by litigants

4

appearing before this Court. Under the "catch-all" provision of Rule 60(b)(6) FRCP, Trine "must demonstrate the existence of *extraordinary circumstances* that justify relief and that no grounds under Rule 60(b)(1)-(5) exist." *Livecchi v. Gordon*, No. 11-02027, 2014 Bankr. LEXIS 4993, at *14-15 (Bankr. W.D.N.Y. Dec. 11, 2014) (emphasis added); 12 *Moore's Federal Practice* §§ 60.48[1], 60.48[3][a] (Matthew Bender 3d ed.). The rule is "properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *Laws v. Croft*, No. 05-CV-6402CJS, 2009 U.S. Dist. LEXIS 7647, at *3 (W.D.N.Y. Jan. 29, 2009) (Siragusa, J.) (citing *Deweerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994)); *see also In re BDC 56 LLC*, 330 F.3d 111, 116, 123 (2d Cir. 2003) (citing the "extraordinary circumstances" standard), *abrogated on other grounds by In re Zarnel*, 619 F.3d 156 (2d Cir. 2010); *Emergency Beacon Corp. v. Barr*, 666 F.2d 754, 759 (2d Cir. 1981) (same). "In the vast majority of the cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault for [the] predicament; that is, the movant was almost unable to take any steps that would have prevented the judgment from which relief is sought." 12 *Moore's Federal Practice* §§ 60.48[3][b] (Matthew Bender 3d ed.). *Compare Klapprott v. United States*, 335 U.S. 601, 604-09 (1949) (reversing the denial of a Rule 60(b)(6) motion where movant defaulted because circumstances made it virtually impossible for him to defend himself), *with Ackermann v. United States*, 340 U.S. 193, 195-97 (1950) (affirming the denial of a Rule 60(b)(6) motion where movant was largely at fault for his predicament in choosing not to appeal). Faced with a Rule 60(b)(6) motion, the Court must attempt to balance the "ends of justice" with the preservation of the finality of judgments. *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986).

It is well settled that ignorance of the law or the failure to appreciate the legal significance of a court order does not amount to an extraordinary circumstance to justify Rule 60(b)(6) FRCP relief. *See PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897-98 (2d Cir. 1983) (finding that the movant's failure to understand the implications of Rule 41(b) FRCP did not present an "extraordinary circumstance" that would justify relief under Rule 60(b)); 12 *Moore's Federal Practice* § 60.48[3][c]. Where the movant's own misconduct or action—or in this case, inaction—causes the final order to be entered, Rule 60(b)(6) should not be used as grounds to revisit the Court's prior judgment. *See* 12 *Moore's Federal Practice* § 60.48[3][c]. In an earlier case with facts much like those in this case, the District Court for the Western District of New York held that a debtor appealing the bankruptcy court's denial of Rule 60(b)(6) relief following entry of a final order of dismissal—after several opportunities to cure plan payment arrears, including the Chapter 13 Trustee's motion to dismiss and the bankruptcy court's entry a conditional order of dismissal—did not present "exceptional circumstances" warranting relief.[1] *See Messerschmitt v. Reiber*, No. 940CV0658L, 1995 WL 17137425, at *3 (W.D.N.Y. May 5,

---

[1] Trine's motion is framed as a motion to set aside the Court's order of dismissal under Rule 60(b)(6) FRCP. In comparison, the Court has encountered a number of recent motions requesting "reinstatement" of dismissed Chapter 13 cases. Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide a mechanism for the "reinstatement" of a dismissed bankruptcy case. A motion to reinstate is treated as a motion to vacate the order of dismissal, governed by Rule 60(b) FRCP and Rule 9024 FRBP. *See In re Lampman*, 494 B.R. 218, 222 (Bankr. M.D. Pa. 2013); *In re Cole*, 382 B.R. 20, 24-25 (Bankr. E.D.N.Y. 2008); *In re Rudolph*, No. 91-22026, at 2 (Bankr. W.D.N.Y. 1993) (Ninfo, J.). Counsel seeking to vacate an order dismissing a bankruptcy case must be mindful that "[t]he remedy provided by Rule 60(b) is extraordinary and special circumstances must justify granting relief under it." *Lampman*, 494 B.R. at 222 (citations omitted). Given the heavy burden imposed on the party seeking relief under Rule 60(b) FRCP, debtors' counsel must impress upon their clients the serious consequences that will result from defaulting in plan payments, including dismissal.

1995) (Larimer, J.) (affirming the bankruptcy court's refusal to exercise its discretion and its denial of a Rule 60(b) motion).

Based on the record, the Court finds that Trine has not demonstrated any exceptional or extraordinary circumstances that would justify the exercise of discretion by the Court to vacate its final order of dismissal, as is necessary for relief under Rule 60(b)(6) FRCP. The contention that Trine was not aware that the plan arrears remained owing, because payments were eventually deducted from her wages beginning in February of 2014, is not credible. Trine was provided with many forms of communication endeavoring to inform her that the default had not been cured and of the need to take action before dismissal of the case, including: the Chapter 13 Trustee's demand letter, the subsequent motion to dismiss, the initial hearing before the Court on the motion to dismiss, followed by an adjourned hearing to afford Trine additional time to cure her plan payment default, and the Court's entry of a conditional order of dismissal affording Trine a further opportunity to cure her default in payment (ECF Nos. 62, 73, 77, 79). *See Messerschmitt*, 1995 WL 17137425, at *3. During the five months that the Chapter 13 Trustee's motion to dismiss remained pending, Trine did not respond to the motion, attempt to cure the default, or respond to her attorney to address the payment default or to file a motion seeking to modify the Chapter 13 plan. Trine's own inaction prompted the Court's final order of dismissal, and thus, she is ultimately at fault for her predicament. *See* 12 *Moore's Federal Practice* § 60.48[3][b] (Matthew Bender 3d ed.). Rule 60(b)(6) FRCP cannot now be used to rescue Trine from the consequences of her inaction. *See Klapprott*, 335 U.S. at 604-09; *Ackermann*, 340 U.S. at 195-97. Furthermore, the interest in preserving the finality of the Court's dismissal order is particularly strong here, where Toyota relied on that final order to exercise its rights as a secured creditor under New York law to repossess Trine's car. *See Liljeberg v. Health Servs. Acquisition*

7

*Corp.*, 486 U.S. 847, 873 (1988) (emphasizing the importance of preserving the finality of judgments).

Trine's claimed failure to understand her payment obligations under the Chapter 13 plan is not an extraordinary circumstance for which Rule 60(b)(6) FRCP relief can be granted. *See PRC Harris*, 700 F.2d at 897-98. The Court declines to exercise its discretion to vacate the order of dismissal under Rule 60(b)(6) FRCP.

### IV.

### CONCLUSION

The motion to set aside the Court's final order of dismissal, pursuant to Rule 60(b)(6) FRCP and Rule 9024 FRBP, is **DENIED**.

IT IS SO ORDERED.

Dated: January 16, 2015 _____/s/_____
      Rochester, New York         HON. PAUL R. WARREN
                                      UNITED STATES BANKRUPTCY JUDGE